# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN



LARRIANTE SUMBRY,

    Petitioner,

v.

Case No. 05-C-294

CECIL DAVIS,

    Respondent.

Copy mailed to ~~attorneys for parties~~ petr by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Larriante Sumbry ("Sumbry") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has filed a motion to proceed in forma pauperis. Based on the Sumbry's petition, it is clear that the court has no jurisdiction in this case. Sumbry is a prisoner incarcerated pursuant to an Indiana state court judgment and is currently incarcerated in the Indiana State Prison. Because the Indiana State Prison is located in La Porte County, Sumbry could have filed his petition in the United States District Court for the Northern District of Indiana. 28 U.S.C. § 2241(d).

Ordinarily, if the court finds that it lacks jurisdiction in a particular case, such as the present one, the court may transfer the case to a district where the action could have been originally filed. 28 U.S.C. § 1631. That option will not be exercised in regard to Sumbry's petition. A review of the Seventh Circuit Court of Appeals' restricted filer list, available at http://www.circ7.dcn, reveals that Sumbry has repeatedly filed frivolous habeas corpus petitions in federal district courts throughout the nation. As discussed in many of the orders available on the Seventh Circuit's website, Sumbry's litigation tactics constitute abuse of the judicial process, for which he has been repeatedly sanctioned.

The most recent order was issued earlier this month from the Northern District of Indiana, to which Sumbry's petition might otherwise be transferred. The Northern District court dismissed a petition transferred, due to lack of jurisdiction, from the Northern District of Iowa. Quoting the Seventh Circuit, the Northern District stated:

> ". . . the clerks of all federal courts within this circuit shall return unfiled all papers submitted directly or indirectly by or on behalf of Larriante' J. Sumbry unless or until Sumbry has paid in full all outstanding filing fees and sanctions. This order does not apply to criminal cases or petitions challenging the length or terms of his confinement . . . ." In Re Larriante' J. Sumbry, No. 02-2565 (7th Cir. August 1, 2002).
>
> "Until he pays his entire debt to this and the district courts, we will receive but not act on any § 2244(b)(3) application submitted by Sumbry." Sumbry v. Davis, No. 03-4332 (7th Cir. January 16, 2004).
>
> "[C]lerks of all federal courts within this circuit must return unfiled any papers submitted by . . . Sumbry in any habeas corpus action unless the petition attacks a state court imposed criminal judgment." Sumbry v. Davis, No. 03-2937 (7th Cir. March 30, 2004).
>
> The Circuit has further observed that,
> "[b]ecause . . . Sumbry ha[s] received federal habeas corpus review of [his] current convictions, [he is] effectively barred from filing any civil action in the district courts until [he] settle[s] [his] debts to the federal judicial system." Sumbry v. Davis, No. 03-2937 (7th Cir. March 30, 2004).

Sumbry v. Davis, No. 05-C-232 (June 10, 2005).

Based on the foregoing orders of the Seventh Circuit, the Northern District of Indiana dismissed Sumbry's petition and noted that all clerks of court have a duty to return Sumbry's submissions without filing them. In addition, Sumbry was warned that if he persists in abusing the judicial process by sending papers to other district courts in an attempt to circumvent the Seventh

2

Circuit's orders, the court of appeals might order the superintendent of the facility in which he is housed to restrict him from mailing anything to other federal courts.

Clearly, the pending petition should not have been filed and will not be entertained in this district. Accordingly, the court now enters the following order:

**IT IS THEREFORE ORDERED** that this case is hereby **dismissed.**

**IT IS FURTHER ORDERED** that the clerk shall forward a copy of this order to the Seventh Circuit so that it is aware of Mr. Sumbry's continuing exploitation of the judicial process despite the previous fines, sanctions, and restrictions that have been imposed.

Dated at Milwaukee, Wisconsin, this 6 day of July, 2005.

LYNN ADELMAN
United States District Judge